Shippen, President.
The only point for decision is, whether the Sheriff is responsible for the sufficiency of the sureties at the time of taking the bond; or at the end of the suit, when the landlord has established his right to the rent for which the goods were distrained?
The case of a bail-bond differs, I think, in one respect, at least, from a replevin bond; for the sufficiency of the former may speedily be enquired into, but the latter must wait the event of the replevin, which may be suspended for several years, untill, perhaps, by the vicissitudes of trade and fortune, the sureties have become insolvent. This, therefore, is certainly a hard part of the Sheriff’s duty. But there is likewise, a hardship in the case of the landlord; for, by the replevin he is divested of the immediate security of his tenant’s goods, and yet has no right to interfere in the choice of the sureties, that undertake to see them returned when he has established his demand.
From this view, then, it certainly seems reasonable, that he, who is exclusively authorised to take and judge of the security, should rather be affected by its eventual insufficiency, than he who has no right to question its validity. The authorities, indeed, are positive, that, if the sureties do not prove sufficient, the Sheriff is liable; and, although the case must frequently have happened, no contrary decision can be produced; for in Murdock versus Will (see ant. 341,) and Welsh versus Procter, both lately tried here, the Council put the cases upon the point of insufficiency of the sureties at the time of taking them; so that the present point never came in question.
That the policy of the law in this respect bears hard upon the Sheriff, may be a reason with the Legislature to make some new provision for an enquiry into the sufficiency of the bail in an earlier stage of the cause; but cannot be a justification for our deciding, at this time, contrary to an established principle.
The Court are, therefore, clearly of opinion, that the verdict, on the question of law, ought to be in favor of the Plaintiff.
And, accordingly, the Jury gave the Plaintiff damages to the value of the goods at the time they were distrained.*

 See Murdock versus Will ant. 341.